UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Danville Division

LEALON M. VASSAR, et al.,

    Plaintiffs,

v.                                                      ACTION NO. 4:14CV00056

DANIEL ROSS, et al.,

    Defendants.

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

Daniel Ross ("Ross") and Jon Hart ("Hart"), by counsel, tender the following Reply Brief in Support of their Motion to Dismiss (Dkt # 8):

**ARGUMENT**

**I.    Plaintiffs Have Not Sufficiently Alleged an Intrusion on Any Interest Protected by the Fourth Amendment.**

Plaintiffs do not specifically challenge any of the Defendants' arguments set forth in the Motion to Dismiss and the accompanying Memorandum in Support. Instead, they argue that a proper consideration of this case requires the Court to determine whether the totality of the Defendants' actions were reasonable by looking at them as a whole and balancing the combined intrusion on the Plaintiffs' persons and property against the facts that justified the intrusion. *See* Pls. Mem. of Law in Opp'n to Defs. Mot. to Dismiss [hereinafter Pls. Mem.] at 3-4 (Dkt #13, Page ID#73-74). To do this, they argue, the Court must look at how a search or seizure was carried out to determine if there was unnecessary destruction of property or an otherwise unreasonable intrusion on their persons or property. *Id.* Plaintiffs assert that, when examined under this light, their Complaint alleges that Hart and Ross acted in a sufficiently "brash and

1

disproportionate" way to not only violate the Fourth Amendment but also carry the officers' conduct outside the protections of qualified immunity. Pls. Mem. at 7 (PageID#77).

However, the Court only needs to conduct a balancing inquiry to determine the reasonableness of an intrusion on a right or interest protected by the Fourth Amendment if there has, in fact, been an intrusion on such a right or interest. *See, e.g.*, *Altman v. City of High Point*, 330 F.3d 194, 204-05 (4th Cir. 2003) (stating that the relevant inquiry after finding that certain property was protected by the Fourth Amendment was whether the property was seized and, if so, whether the seizure was reasonable). Therefore, it is first necessary to examine each of the alleged actions of the Defendants to see if the act touches on an interest within the ambit of the Fourth Amendment's protections. Only if it does is it necessary to examine the particular act's reasonableness.

When the required prerequisite of an invasion of a protected right is considered, it is clear the instant action must be dismissed. First, the Complaint fails to allege that Hart and Ross invaded any interest of the Vassars that is protected by the Fourth Amendment. As discussed in the Memorandum in Support of Motion to Dismiss, the Roxobel tract and the stump are items of real property that are unprotected by the Fourth Amendment. *See* Mem. in Supp. of Mot. to Dismiss [hereinafter Mem. in Supp.] at 8-11 (Dkt. #9, PageID#44-47). Hart and Ross could not, therefore, have violated the Fourth Amendment by entering the tract or removing the stump from the ground regardless of whether their actions were reasonable or if they had a justification for doing so.[1] For the same reason, Hart and Ross did not need a justification for concealing themselves on the land to observe the activities conducted on it.

---

[1] Plaintiffs try to analogize this case to *Bellotte v. Edwards*, 629 F.3d 415 (4th Cir. 2011) and argue that Hart and Ross must offer a plausible and particularized basis for believing that the Korns would be violent or destroy evidence of wrongdoing before they could "destroy" the gate to enter the Roxobel tract. Pls. Mem. 5-6 (PageID#75-76). In *Bellotte*, the court held that police

2

As to the Korns' claims, the Fourth Amendment does not protect against having one's actions on an open field observed or being approached by police officers. Mem. in Supp. at 11-12 (PageID#47-48). Hart and Ross therefore need not offer any justification for their actions in observing, and announcing their presence to, the Korns. Although the Fourth Amendment does protect against unreasonable seizures, the Korns' allegations fail to establish that they were ever seized. Mem. in Supp. at 12-15 (PageID#48-51).[2] Even if they do sufficiently allege a seizure, the allegations establish that Hart and Ross would have had at least a reasonable suspicion that the Korns were engaged in criminal activity to justify the brief detention alleged. Mem. in Supp. at 15-16 (PageID#51-52). Moreover, nothing in the Complaint suggests that the seizure, if it did occur, was done in an unreasonable way. Unlike the officers in *Tennessee v. Garner*, 471 U.S. 1 (1985), Hart and Ross did not apply any force, much less excessive force, to the Korns in stopping them. *See* 471 U.S. at 21 (holding that an officer was not justified in using deadly force to stop the flight of a suspect who posed no threat to him or the public). Instead, they announced their presence to the Korns, talked to them to determine if they had engaged in any criminal activity, and walked with them to the various locations they described to see if their story was verifiable.

The Complaint's allegations also fail to establish that the alleged searches of the Korns' property were unreasonable. Setting aside conclusory allegations, the factual allegations in the

---

are not required to knock on a door and announce their presence before entering a residence if they have a reasonable suspicion that doing so would, among other things, be dangerous or allow the destruction of evidence. 629 F.3d at 419-20. That rule has no application to this case because, unlike a residence, an open field is not an area protected by the Fourth Amendment. *See Hester v. United States*, 265 U.S. 57, 59 (1924) ("[T]he special protection accorded by the Fourth Amendment to the people in their 'persons, houses, papers, and effects,' is not extended to the open fields."). Thus, a police officer need not offer a justification for entering an open field or incidental minor property destruction in doing so.

[2] The Plaintiffs do little to refute this argument, simply rehashing the allegations contained in their Complaint. *See* Pls. Mem. at 5 (PageID#75).

Complaint indicate that the searches of the Korns' weapons, hunting pouch, and vehicle were consensual and, therefore, permissible under the Fourth Amendment. Mem. in Supp. at 16-19.[3] The Complaint does not allege that Hart and Ross destroyed any property in searching these items or otherwise engaged in any unreasonable behavior in performing the searches. The Plaintiffs have, therefore, failed to allege a violation of the Fourth Amendment in any respect.

## II. The Plaintiffs Cannot Show that the Defendants Are Not Entitled to the Protections of Qualified Immunity.

Even if they have alleged a violation of the Fourth Amendment, the Plaintiffs have not alleged that the right that was violated was so clearly established, or that the actions of Hart and Ross so clearly violated it, to remove the protection of qualified immunity. To prevail over a qualified immunity defense, a plaintiff must establish that the governmental official violated a bright-line rule in such a way that the application of the rule to the official's actions would be apparent. *Maciariello v. Summer*, 973 F.2d 295, 298 (4th Cir. 1992). It is not enough to show that the official made a bad decision in a gray area. *Id.* Plaintiffs argue, relying on *Bellotte*, that the conduct here was so brash that it obviously violated their constitutional rights. Pls. Mem. at 6 (PageID#76). However, their reliance is misplaced.

In *Bellotte*, the court addressed a situation where officers violated the clearly-established requirement that they knock and announce themselves when entering a home to execute a warrant in a clear way because a man of reasonable intelligence would not have believed that the exigent circumstances that would justify the unannounced entry existed in that case. 629 F.3d at 419, 424. By contrast, Hart's and Ross's conduct, if it was illegal at all, was not clearly illegal

---

[3] As with the argument concerning seizure, the Plaintiffs do not refute the Defendants' contention that the search of the Korns was consensual. Rather, in their Memorandum in Opposition, the Plaintiffs refer to the Fourth Amendment standards that "would apply in the context of a consent search," suggesting their agreement with the Defendants' argument that the search was consensual. Pls. Mem. at 3 (PageID#73).

4

under the Fourth Amendment. Plaintiffs have not pointed to a clearly existing right under the Fourth Amendment that would prohibit an officer from entering an open field, destroying a gate to gain access to that property, or observing a person's actions on the property. Nor have the Plaintiffs alleged facts that would make it apparent that the clearly established rights against unreasonable searches and seizures would apply to the encounter between the officers and the Korns. Instead, the facts alleged are at the very least consistent with a consensual encounter with the officers and a consensual search. At most, the Plaintiffs' claims establish that the officers simply misread an ambiguous situation, which is not enough to remove the protection of qualified immunity. *See Durham v. Horner*, 690 F.3d 183, 190 (4th Cir. 2012) ("[T]he 'qualified immunity standard gives ample room for mistaken judgments.'" (quoting *Henry v. Purnell*, 652 F.3d 524, 534 (4th Cir. 2011))). The Plaintiffs' claims under the Fourth Amendment must, therefore, be dismissed either because they have failed to state a claim under the Fourth Amendment or because they have failed to allege a clear violation of the Fourth Amendment that would overcome a qualified immunity defense.

### III. Plaintiffs' Claims under State Law Also Fail.

Plaintiffs do not argue that the Court should consider their state law claims if their federal claims are dismissed. Pls. Mem. at 7 (PageID#77). Because their federal claims are not adequately pleaded and should be dismissed, their state law claims should be dismissed as well. Mem. in Supp. at 19-20 (PageID#55-56).

Even if the Court decides to retain supplemental jurisdiction over the state law claims, the claims should still be dismissed. Plaintiffs' claim under § 19.2-59 should be dismissed because that statute affords the same protections as those afforded by the Fourth Amendment, *see Carter v. Commonwealth*, 209 Va. 317, 320, 163 S.E.2d 589, 592 (1968) (holding that a predecessor

statute afforded the same protection as the Fourth Amendment), and the Plaintiffs have failed to allege a violation of the Fourth Amendment. The Korns' claim for false imprisonment should be dismissed because, as they admit, they must allege a restraint of their liberty to make out a claim, (Pls. Mem. at 8), and, as outlined above, they have failed to allege that they were seized. Even if they have alleged that they were seized, they have still failed to allege that the seizure was unreasonable and that, in seizing them, Hart and Ross violated the Fourth Amendment. The claim must, therefore, be dismissed. *See Lewis v. Kei*, 281 Va. 715, 724, 708 S.E.2d 884, 890 (2011) ("If the plaintiff's arrest was lawful, the plaintiff cannot prevail on a claim of false imprisonment."). Finally, the Vassars' claim for trespass must be dismissed because Hart and Ross did not violate the Fourth Amendment by entering the Roxobel tract and a police officer only trespasses if he violates the Fourth Amendment. *See McClannan v. Chaplain*, 136 Va. 1, 12, 116 S.E. 495, 497 (1927) (holding that a police officer does not trespass by entering property so long as he is not prohibited from doing so by the common law, the Constitution, or statute).

## CONCLUSION

Put simply, the Plaintiffs have failed to state a claim upon which relief may be granted. Even if they have stated a claim, they have not alleged facts that would indicate that the violations at issue were so clear that they would overcome a qualified immunity defense. The Plaintiffs' claims should, therefore, be dismissed.

WHEREFORE, the Defendants, Daniel Ross and Jon Hart, respectfully request the Court enter an order dismissing with prejudice the claims against them.

Respectfully submitted,

DANIEL ROSS AND JON HART

By: /s/ Matthew R. Hull
    Matthew R. Hull, Asst. Atty. Gen. (VSB No. 80500)

Office of the Virginia Attorney General
900 East Main Street
Richmond, Virginia 23219
Telephone: (804) 371-2084
Facsimile: (804) 786-2650
mhull@oag.state.va.us

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of April, 2015, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following:

David P. Mitchel, Esq., Michael J. Brickhill PC, P.O. Box 2218, Appomattox, Virginia 24522, dpmitchel.mjbpc@gmail.com, Counsel for the Plaintiffs Lealon M. Vassar, Brenda N. Vassar, L. Gregory Vassar, Cheryl F. Vassar, John C. Korn, and Michael J. Korn.

Michael John Brickhill, Esq., Michael J. Brickhill PC, P.O. Box 2218, Appomattox, Virginia 24522, Michael@mjbpc.net, Counsel for the Plaintiffs Lealon M. Vassar, Brenda N. Vassar, L. Gregory Vassar, Cheryl F. Vassar, John C. Korn, and Michael J. Korn.

  /s/ Matthew R. Hull
Matthew R. Hull, Asst. Atty. Gen. (VSB No. 80500)
Office of the Virginia Attorney General
900 East Main Street
Richmond, Virginia 23219
Telephone: (804) 371-2084
Facsimile: (804) 786-2650
mhull@oag.state.va.us