UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Danville Division

LEALON M. VASSAR, et al.,

      Plaintiffs,

v.                                                     ACTION NO. 4:14CV00056

DANIEL ROSS, et al.,

      Defendants.

## ANSWER

Defendants, Daniel Ross ("Ross") and Jon Hart ("Hart"), by counsel, for their Answer to the Complaint (ECF No. 1, page ID#1-14) filed by the Plaintiffs, Lealon M. Vassar, Brenda N. Vassar, L. Gregory Vassar, Cheryl F. Vassar, John C. Korn, and Michael J. Korn, states as follows:

**Parties**

1. Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 1 of the Complaint, and therefore deny the same, but do not deny matters properly of public record.

2. Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 2 of the Complaint, and therefore deny the same, but do not deny matters properly of public record.

3. Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 3 of the Complaint, and therefore deny the same, but do not deny matters properly of public record.

4. Defendants admit the allegations of Paragraph 4 of the Complaint.

5. Defendants admit the allegations of Paragraph 5 of the Complaint.

## Jurisdiction and Venue

6. Defendants contend that the allegations of Paragraph 6 state a legal conclusion to which no response is required. To the extent a response is required, the Defendants deny the allegations and deny that the Plaintiffs are entitled to relief.

7. In response to Paragraph 7, Defendants admit that jurisdiction is proper in this Court.

8. Defendants contend that the first sentence of Paragraph 8 states a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny that the Plaintiffs are entitled to relief but admit that jurisdiction is proper in this Court. With regard to the remainder of Paragraph 8, Defendants admit that the claims were delivered to the Division of Risk Management. The remaining allegations, including that the claims were "properly presented" to the Director of the Division, state a legal conclusion to which no response is required. To the extent that a response is required, the Defendants deny the allegations.

9. Defendants admit that venue is proper in the Western District of Virginia, Danville Division.

## Facts

10. Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 10 of the Complaint, and therefore deny the same, but do not deny matters properly of public record.

11. Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12. Defendants admit the property in question may be accessed from State Route 619 and from State Route 645 by passage along a dirt road, but otherwise state they are without

knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted in Paragraph 12 of the Complaint, and therefore deny the same, but do not deny matters properly of public record.

13. Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendants admit the allegations contained in the first sentence of Paragraph 15 of the Complaint. Defendants admit that Ross did not have a search warrant, that he did not have knowledge of a search warrant having been issued for the property, and that he remained on the Roxobel Tract for several hours. Defendants deny the remaining allegations contained in Paragraph 15 of the Complaint.

16. Defendants admit that licensed hunters were permitted to hunt deer with black powder rifles on November 16, 2012, that the Korns were licensed to hunt, and that the Korns had received permission from the Vassars to hunt on the Roxobel Tract. Defendants deny the remaining allegations contained in Paragraph 16 of the Complaint.

17. Defendants admit that Ross concealed himself from the Korns and used binoculars to observe them. Defendants deny the remaining allegations contained in Paragraph 17 of the Complaint.

18. Defendants admit that Ross called Hart at his residence and requested assistance. Defendants deny the remaining allegations contained in Paragraph 18 of the Complaint.

19. Defendants admit the allegations contained in Paragraph 19 of the Complaint.

20. Defendants admit that they heard the discharge of a firearm. Defendants deny the remaining allegations contained in Paragraph 20 of the Complaint.

21. Defendants admit the allegations contained in Paragraph 21 of the Complaint.

22. Defendants admit that they removed a stump from the ground near the gate, drove around the gate onto the Roxobel Tract, and headed in the direction of the shot they had heard. Defendants deny the remaining allegations contained in Paragraph 22 of the Complaint.

23. Defendants admit that they parked their vehicle, observed flashlights at some distance away, concealed themselves in the brush, and did not identify or announce themselves at that time. Defendants deny the remaining allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants admit questioning the Korns concerning their activities but deny the remaining allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants admit that no criminal charges or citations were issued to the Korns but deny the remaining allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

### Count I: 42 U.S.C. § 1983

33. In response to Paragraph 33, Defendants incorporate their responses to the allegations of Paragraphs 1 through 32 of the Complaint by reference.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants admit the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint and deny that Plaintiffs are entitled to the relief they request.

## Count II: Virginia Code § 19.2-59

37. In response to Paragraph 37, Defendants incorporate their responses to the allegations of Paragraphs 1 through 36 of the Complaint by reference.

38. Defendants admit that they did not have a search or arrest warrant on the day in question but deny the remaining allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint and deny that Plaintiffs are entitled to the relief they seek.

## Count III: False Imprisonment

40. In response to Paragraph 40, Defendants incorporate their responses to the allegations contained in Paragraphs 1 through 39 of the Complaint by reference.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint and deny that Plaintiffs are entitled to the relief they seek.

## Count IV: Trespass and Destruction of Property

43. In response to Paragraph 43, Defendants incorporate their responses to the allegations contained in Paragraphs 1 through 42 of the Complaint by reference.

44. Defendants deny the allegations of Paragraph 44 of the Complaint.

45. Defendants deny the allegations of Paragraph 45 of the Complaint, note that this Count was dismissed by the Court in its Order dated June 15, 2015, and deny that Plaintiffs are entitled to the relief they seek.

46. To the extent that any allegation of the Complaint is not expressly admitted herein, Defendants deny the same generally.

## Affirmative Defenses

47. Defendants are entitled to the protection of qualified immunity.

48. Defendants are entitled to the protection of sovereign immunity as to Counts II and III of the Complaint.

49. As no discovery has yet occurred, Defendants may enjoy defenses not presently known. So as to preserve any such available defense, Defendants plead each and every affirmative defense provided by Fed. R. Civ. P. 8 and Fed. R. Civ. P. 12, to the extent not otherwise pled hereinabove and as the same may be applicable to the Complaint. Defendants further reserve all rights available to them pursuant to Fed. R. Civ. P. 15 to subsequently amend this pleading in order to clarify, if necessary, the applicability of any such defense or to add any other defenses, affirmative or otherwise, pertinent to this action.

Respectfully submitted,

DANIEL ROSS AND JON HART

By: /s/ Matthew R. Hull
    Matthew R. Hull, Asst. Atty. Gen. (VSB No. 80500)
    Office of the Virginia Attorney General
    900 East Main Street
    Richmond, Virginia 23219
    Telephone: (804) 371-2084
    Facsimile: (804) 786-2650
    mhull@oag.state.va.us

# CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of June, 2015, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following:

David P. Mitchel, Esq., Michael J. Brickhill PC, P.O. Box 2218, Appomattox, Virginia 24522, dpmitchel.mjbpc@gmail.com, Counsel for the Plaintiffs Lealon M. Vassar, Brenda N. Vassar, L. Gregory Vassar, Cheryl F. Vassar, John C. Korn, and Michael J. Korn.

Michael John Brickhill, Esq., Michael J. Brickhill PC, P.O. Box 2218, Appomattox, Virginia 24522, Michael@mjbpc.net, Counsel for the Plaintiffs Lealon M. Vassar, Brenda N. Vassar, L. Gregory Vassar, Cheryl F. Vassar, John C. Korn, and Michael J. Korn.

By: /s/ Matthew R. Hull
Matthew R. Hull, Asst. Atty. Gen. (VSB No. 80500)
Office of the Virginia Attorney General
900 East Main Street
Richmond, Virginia 23219
Telephone: (804) 371-2084
Facsimile: (804) 786-2650
mhull@oag.state.va.us